For the following reasons, I respectfully dissent from the decision of the majority in this instance. I believe that the Lyndhurst police officer in question properly arrested defendant-appellant for driving under the influence and that the trial court possessed jurisdiction to proceed with the underlying matter.
As the majority correctly states, R.C. 2935.03 (A) and (D) set forth the limits of a police officer's authority to arrest and detain an individual both within the officer's jurisdiction as well as in situations where an extraterritorial arrest is effectuated. However, R.C. 2935.03 (E) (3) goes on to state in pertinent part:
 (E) In addition to the authority granted under division (A) or (B) of this section:
 (3) A police officer * * * appointed, elected, or employed by a municipal corporation may arrest and detain, until a warrant can be obtained, any person found violating any section or chapter of the Revised Code listed in division (E) (1) of this section on the portion of any street or highway that is located immediately adjacent to the boundaries of the municipal corporation in which the police officer * * * is appointed, elected, or employed.
Therefore, when applying the statute to the facts below, it becomes apparent that, in order to have executed a proper arrest, the Lyndhurst police officer must have (1) observed a misdemeanor violation which occurred within the boundaries of his jurisdiction or on that portion of street or highway contiguous to the Lyndhurst city limits; and (2) initiated pursuit from within his jurisdiction or where the adjoining jurisdictions are contiguous. See State v. Coppock (1995), 103 Ohio App.3d 405,659 N.E.2d 837.
The situation in the case at bar is somewhat unique in that the arresting officer admittedly did not observe defendant-appellant violating any City of Lyndhurst Ordinance while operating his vehicle within the City of Lyndhurst or on the contiguous street. In fact, the officer did not observe any behavior on the part of defendant-appellant which would constitute probable cause for a traffic stop in general. However, the officer did have a good faith belief that defendant-appellant's vehicle had become disabled or that defendant-appellant had become incapacitated in some way. This is a reasonable assumption given the fact that the officer directly observed defendant-appellant drive his vehicle out of a parking lot, which was located in the City of Lyndhurst, and onto a contiguous city street located in Mayfield Heights and then inexplicably pull the car over to the curb for an extended period of time.[1]
It is well established that not every encounter between a citizen and a law enforcement official involves the Fourth amendment guarantees against unreasonable searches and seizures.California v. Hodari D. (1991), 499 U.S. 621, 111 S.Ct. 1547,113 L.Ed.2d 690; State v. Taylor (1995), 106 Ohio App.3d 741,667 N.E.2d 60. Accordingly, the United States Supreme Court has created three categories of police-citizen contact to identify the separate situations where these constitutional guarantees are implicated. Florida v. Royer (1982), 460 U.S. 491, 501-507,103 S.Ct. 1319, 1326-1329, 75 L.Ed.2d 229, 238-243. The first category created by the Supreme Court is a consensual encounter. The second type of encounter is a "Terry stop" or an investigatory detention. The third type of encounter involves a seizure that is the equivalent of an arrest. See United States v.Mendenhall (1980), 446 U.S. 544, 553, 100 S.Ct. 1870, 1876,64 L.Ed.2d 497, 504-505. In this situation, the Lyndhurst police officer's actions must be reviewed pursuant to a consensual encounter analysis given the underlying factual circumstances.
Encounters between the police and the public are consensual where the police merely approach an individual in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. See Mendenhall. The request to examine one's identification does not make an encounter non-consensual nor does the request to search a person's belongings. See Florida v. Rodriguez (1984), 469 U.S. 1,105 S.Ct. 308, 83 L.Ed.2d 165; Florida v. Bostick (1991),501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389. The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has either by physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's request or terminate the encounter. State v. Jones (1996), 112 Ohio App.3d 206,678 N.E.2d 285. A person is only considered seized within the contemplation of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. In Mendenhall, the Supreme Court set forth the following factors to consider in determining whether a seizure has occurred: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. Id. at 554,100 S.Ct. at 1877, 64 L.Ed.2d at 509. Absent some evidence that one or more of these circumstances is present, police officers' contact with a citizen cannot as a matter of law, amount to a seizure of that person. Id. at 555, 100 S.Ct. at 1877-1878,64 L.Ed.2d at 509-510; Jones, supra.
In this case, the officer eventually left the confines of the City of Lyndhurst and proceeded onto the contiguous city street in order to investigate the stopped vehicle. At this point, the encounter between the officer and defendant-appellant was clearly a consensual encounter since the officer was merely attempting to investigate the stopped vehicle which he reasonably believed to be disabled in some way. After approaching the vehicle and speaking with defendant-appellant, the officer became aware that defendant-appellant was operating a vehicle while under the influence of alcohol while in the City of Lyndhurst as well as the contiguous municipality. The underlying situation is analogous to City of Lakewood v. Sheehan (Feb. 20, 1997), Cuyahoga App. No. 66728, unreported, in which the Lakewood Police arrested an operator of an automobile who was driving while under the influence of alcohol in the City of Cleveland as well as the City of Lakewood. This court determined that the arrest in that case was proper under R.C. 2935.03 (D) since the Lakewood officer observed the violation occur in both municipalities. Given the fact that the officer observed defendant-appellant operate the vehicle while in the City of Lyndhurst and then followed the defendant-appellant's vehicle onto a contiguous city street, I believe the officer in question acted properly pursuant to R.C.2953.03 (E) (3) by placing defendant-appellant under arrest after a consensual encounter revealed that defendant-appellant was intoxicated. For the foregoing reasons, I believe the trial court properly exercised jurisdiction in this instance and would affirm the judgment of the trial court accordingly.
[1] It should be noted that the Lyndhurst Municipal Court serves the communities of Lyndhurst, Gates Mills, Highland Heights, Mayfield Heights, Mayfield Village and Richmond Heights.